FILED

2008 Apr-24  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES KEITH BRAZEAL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:06-CV-01352-LSC (Lead case) |
| | ] | |
| ALAN BYRON WILLS, and SWIFT | ] | |
| TRANSPORTATION COMPANY, | ] | |
| INC., | ] | |
| | ] | |
| Defendants. | ] | Consolidated with |
| | | |
| ASHLEY SHEA HARDEN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:07-CV-00907-LSC |
| | ] | |
| ALAN BYRON WILLS, and SWIFT | ] | |
| TRANSPORTATION COMPANY, | ] | |
| INC., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendants Alan Byron Wills's ("Wills")

and Swift Transportation Company, Inc.'s ("Swift") Motion for Summary

Judgment (Doc. 34 in 7:06-CV-01352; Doc. 11 in 7:07-CV-00907), filed on January 11, 2008.[1]  Plaintiff James Keith Brazeal ("Brazeal") filed suit against Wills and Swift in the Circuit Court for Sumter County, Alabama, on June 19, 2006.  On July 13, 2006, Defendants removed this action pursuant to 28 U.S.C. § 1441(a), based on diversity jurisdiction under § 28 U.S.C. § 1332.  Plaintiff Ashley Shea Harden ("Harden") filed suit against Wills and Swift in this Court on May 14, 2007, and the case was thereafter consolidated with Brazeal's case, 7:06-CV-1352-LSC, on June 4, 2007.  Plaintiffs assert the state law causes of action of Negligence and Wantonness (Count I), Negligent Entrustment (Count II), Negligent and Wanton Hiring, Retention, Training, and Supervision (Count III), Negligent Maintenance or Repair (Count IV), and Subsequent Negligence (Count V).[2]

Defendants have moved for summary judgment on all of Plaintiffs' claims and have asked that this case be dismissed in its entirety.  The issues raised in Defendants' motion have been briefed by the parties and are now

---

[1]The Court will use the document numbers from the lead case, 7:06-CV-01352, to reference particular documents in this Opinion.

[2]It is unclear as to whether Brazeal actually asserts a claim of subsequent negligence. However, to the extent that Brazeal does make a claim of subsequent negligence, it is due to be dismissed for the reasoning stated below.

ripe for consideration.  Upon full consideration of the legal arguments and evidence presented, Defendants' motion for summary judgment is due to be granted.

II.    Facts.[3]

On May 14, 2005, at approximately 9:00 p.m., Ashley Shea Harden and James Keith Brazeal left their home in Tuscaloosa, Alabama, traveling to a casino in Philadelphia, Mississippi.  Brazeal drove them in Harden's 1994 Chevrolet Corsica.  They arrived in Philadelphia at approximately 11:00 p.m. At some time between 4:30 and 5:00 a.m. on May 15, 2005, Plaintiffs left the casino.  Since Brazeal had consumed between six and seven alcoholic beverages at the casino, the decision was made that Harden would drive home and Brazeal would ride in the front-passenger seat.  Other than taking a one-hour nap at lunchtime on May 14, Harden had been awake since 8:00 a.m. the morning before; thus, she had been awake for over twenty hours

---

[3]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

when Plaintiffs left the casino.  On the way home, Brazeal reclined the passenger seat of Harden's vehicle and fell asleep.

On May 15, 2005, at approximately 6:15 a.m., Plaintiffs' vehicle collided with a tractor-trailer in Sumter County, Alabama.  Defendant Wills, an employee of Swift, was the driver of the tractor-trailer involved in the collision.  Plaintiffs' vehicle ("Harden vehicle") was heading east on Sumter County Road 30 when it collided with the tractor-trailer driven by Wills ("Swift vehicle"), which  was proceeding west on the same road. Neither Plaintiff has any recollection of how the collision occurred.

Wills testified that he was driving the Swift vehicle at approximately 40-45 miles per hour when he first noticed the Harden vehicle, approximately one thousand feet away.  (Wills Dep. at 66, 69.)  According to Wills, a few seconds after he saw the Harden vehicle, it began to slowly drift toward his lane of travel.  *Id.* at 70.  The vehicles were approximately 500 to 600 feet apart when the Harden vehicle touched the center line.  *Id.* at 76-77.  Wills testified that as soon as he saw the Harden vehicle drifting into his lane, he flashed his lights at the vehicle, took his foot off the accelerator, and blew his air horn.  *Id.* at 71.  He then veered his vehicle as

far to the right, off the roadway, as he could without losing control of the tractor-trailer.  *Id.* at 73.  According to Wills, the Harden vehicle never displayed any reaction to his blowing the horn or flashing the lights.  *Id.* at 72-73.   In addition, Wills claimed that he observed both Harden and Brazeal, and they both appeared to be slumped over and asleep.  *Id.* at 76.

Based upon the measurements taken at the scene, the area of impact was approximately 4.2 feet from the center lane in the westbound lane, the lane in which Wills was traveling.  (Robinson Aff. at 4.)  This meant that the Swift vehicle was approximately two to four feet off the roadway at the time of impact.  (Wills Dep. at 78.)

Wills was not injured in the wreck, but both Plaintiffs suffered injuries.  Brazeal's injuries were relatively minor including trauma to his right eye, left forearm, and left shin.   Harden was seriously injured, incurring injuries to her left knee, a ruptured spleen, multiple cuts and abrasions, and broken bones including her left leg, hip, and right wrist. Some of Harden's injuries are permanent.  In addition, the Harden vehicle was severely damaged, and the Swift vehicle was damaged on the driver's side of the tractor-trailer.

III.    Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by a party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party." *Id.* at 251 (*quoting Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of

Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV.   Discussion.[4]

The complaint alleges negligence or wantonness; subsequent negligence; negligent entrustment; negligent hiring, retention, training, and supervision; and negligent maintenance or repair under Alabama law. Defendants contend that they are entitled to summary judgment on all of Plaintiffs' claims.   The Court addresses each claim below.

A.   Negligence/Wantonness.

1.   Negligence.[5]

---

[4]When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Because Plaintiffs' claims are tortious in nature, this Court will apply Alabama substantive law.

[5]Defendants argue that even if Plaintiffs could establish that Wills was negligent, Plaintiff Harden is barred from recovering due to her contributory negligence.  Since the Court finds that Plaintiffs have not established a claim of negligence, the Court will not address this affirmative defense.  However, it is clear that Harden was contributorily negligent; therefore, her contributory negligence would bar her from recovering under her negligence claim.

Negligence "is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw,* 661 So. 2d 236, 238 (Ala. 1995)(citing *Elba Wood Prods., Inc. v. Brackin,* 356 So. 2d 119 (Ala.1978)). "[S]ummary judgment is rarely appropriate as to a claim alleging negligence," because these actions "almost always present factual issues of causation and of the standard of care that should have been exercised." *Hunt v. Atrex, Inc.,* 963 So. 2d 122, 124 (Ala. Civ. App. 2007)(citation omitted); *Nunnelee v. City of Decatur,* 643 So. 2d 543, 545 (Ala. 1993)(citing *Yarborough v. Springhill Mem'l Hosp.,* 545 So. 2d 32, 34 (Ala.1989)). However, the Alabama Supreme Court has found summary judgment to be appropriate in various instances involving negligence claims. *See, e.g., Hines v. Hardy,* 567 So. 2d 1283, 1285 (Ala. 1990); *Duffy v. Bel Air Corp.,* 481 So. 2d 872, 875 (Ala. 1985); *Bennett v. Cole,* 426 So. 2d 829, 831 (Ala. Civ. App. 1981), *aff'd Ex parte Bennett,* 426 So. 2d 832 (Ala. 1982); *Shaw v. City of Lipscomb,* 380 So. 2d 812, 815 (Ala. 1980).

In order to recover under a negligence claim, the plaintiff bears the burden of proving (1) the existence of a duty owed by the defendant, (2) a breach of that duty, (3) proximate causation between the defendant's conduct and plaintiff's injury, and (4) damage or injury.  *See S.B. v. Saint James Sch.*, 959 So. 2d 72, 97 (Ala. 2006).  The Court will consider whether Defendants have demonstrated that there is no genuine issue of material fact left for consideration by the jury on Plaintiffs' negligence claim.  *See Hunt*, 963 So. 2d at 124.

A "vehicle operator is under a duty to use reasonable care in operating the vehicle."  *Jones v. Baltazar,* 658 So. 2d 420, 421 (Ala. 1995); *see also* 1 ALA. PATTERN JURY INSTR. CIV. 26.00 (2nd ed. 2007)("The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting [injury][damage] upon others who may be lawfully using the same public highway.  Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances.").  Once it is shown that a defendant owes a duty to a plaintiff, the plaintiff must show the defendant breached that duty. *See Flagstar Enters., Inc. v. Davis*, 709 So. 2d 1132, 1139 (Ala.1997).

Here, Defendants argue that they did not breach the duty to use reasonable care in operating the Swift vehicle.   In support of their argument, Defendants have presented the testimony of Defendant Wills and Edward L. Robinson, Ph.D.

Wills testified that he first noticed the Harden vehicle approximately a thousand feet away.  (Wills Dep. at 66-69.)  Wills was operating the Swift vehicle in the westbound lane, his proper lane of travel,[6] and was driving at a speed between 40-45 miles per hour, which was within the posted speed limit.  *Id.*  A second or two after noticing it, Wills testified that the Harden vehicle began drifting from the eastbound lane, across the center lane, and towards the Swift vehicle.  *Id.* at 70.   In response to the Harden vehicle approaching and crossing the center line, Wills testified that he flashed his lights, blew the air horn, decelerated, and veered off the roadway to the right as far as possible while still maintaining control of the tractor-trailer. *Id.* at 71-74.  While Wills did not apply the brakes until after impact, he testified that he had been trained not to hit the brakes in any type of

---

[6]"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway."  ALA. CODE § 32-5A-80 (1975).

situation because the trailer may jackknife and he would then not be able to control the vehicle.[7]  *Id.* at 74-75.  Despite Wills's actions, the Harden vehicle collided with the Swift tractor-trailer in the westbound lane.  *Id.* at 71-74, 80.

Defendants also presented the testimony of Edward L. Robinson, Ph.D., an accredited traffic reconstructionist.[8]  Robinson testified that at the time of the accident, Wills was driving in a westerly direction, while the Harden vehicle was traveling east.  (Robinson Aff. at ¶ 5.)  Based on his examination of the physical evidence, including the damage to the vehicles and the roadway and off-roadway marks, Robinson concluded that Wills had maneuvered the Swift vehicle to the right, off the roadway, in an attempt to avoid the collision.  *Id.* at ¶ 6.  The right wheels of the Swift vehicle were positioned off the right edge of the road to a point where further movement to the right would cause the tractor-trailer to overturn down an embankment.  *Id.*  Robinson testified that Wills was driving well below the

---

[7]While gently applying the brakes is appropriate in some situations, Wills testified that there was no way he could do so under the circumstances.  (Wills Dep. at 75.)

[8]Robinson has been qualified to testify as an expert in both state and federal court as a Traffic Accident Reconstructionist.  (Robinson Aff. at ¶ 4.)

normal road speed, and that Wills would not have been able to control the position of the Swift vehicle to the far right, without overturning, unless he was operating at a low speed. *Id*. at ¶ 7. Further, Robinson testified that the inspection of the scene established that the point of impact occurred approximately 4.2 feet from the center line in the westbound lane. *Id*. at ¶ 8.

Plaintiffs failed to produce any evidence to rebut the testimony of Wills or Robinson, instead, Plaintiffs stated that there is no evidence to rebut this testimony because Harden has no recollection of the collision and Brazeal was asleep until the point of impact. (Doc. 38.)  "[T]he general averment of negligence will not suffice in the absence of a showing of a breach of duty owed by the defendant to the plaintiff." *Barber Pure Milk Co. v. Holmes*, 84 So. 2d 345, 348 (Ala. 1956).  Since Plaintiffs have failed to contradict the evidence presented by Defendants and do not offer any substantive evidence regarding the alleged breach, the Court finds that Plaintiffs cannot establish that Wills breached a duty owed to Plaintiffs and therefore cannot establish a claim of negligence. *See  Thompson v. Lee*, 439 So. 2d 113, 115 (Ala. 1983)(citing *Donald v. City Nat'l Bank of Dothan*,

329 So. 2d 92 (Ala. 1976))("Because a motion for summary judgment tests the facts to determine if any real issue exists, the failure of the party opposing the motion to offer any affidavits or other testimony to contradict the evidence of the moving party leaves the Court no alternative but to consider that evidence uncontroverted.").  Based on the Court's conclusion that Plaintiffs have failed to establish a breach of duty, the Court need not address whether Wills's alleged breach of duty was the proximate cause of Plaintiffs' injuries.  Thus, since Plaintiffs cannot establish that Defendants breached a duty, summary judgment is due to be granted in favor of Defendants as to the negligence claim.

    2.    Wantonness.

Wantonness is statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3) (1975).  According to the Alabama Supreme Court, "wantonness" is defined as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998)(citing

*Bozeman v. Cent. Bank of the South*, 646 So. 2d 601 (Ala.1994)).  In order to make out a claim for wantonness, "it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." *Alfa Mut. Ins. Co.*, 723 So. 2d at 1256.

In this case, there is no evidence that Defendants acted with "reckless or conscious disregard of the rights or safety of others."  *See* ALA. CODE § 6-11-20(b)(3).  Rather, the evidence indicates that once Wills realized that Harden was driving into his lane of travel, he flashed his lights, blew the air horn, decelerated, and veered off the roadway.  Plaintiffs have offered no evidence to rebut this testimony, or to show reckless conduct or a conscious disregard of the safety of Plaintiffs.[9]  Thus, Defendants' motion for summary judgment is due to be granted as to the claim of wantonness.

> B.    Subsequent Negligence.[10]

---

[9]In their response brief to the motion for summary judgment, Plaintiffs appear to abandon the claim of wantonness, stating that the essence of their claim is subsequent negligence. *Id.* at 9.

[10]"Because Harden was driving at the time of the collision and there is no evidence to rebut the testimony of Wills that the Harden vehicle crossed the centerline of the roadway before impact, the essence of [Plaintiffs'] claim is subsequent negligence." (Doc. 38 at 9.)

To establish a claim of subsequent negligence, a plaintiff must prove: "(1) that the plaintiff was in a perilous position, (2) of which the defendant had actual knowledge, (3) that armed with such knowledge the defendant failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of reasonable and ordinary care would have avoided the accident, and (5) that the plaintiff was injured as a result." *Baker v. Helms,* 527 So. 2d 1241, 1244 (Ala.1988)(quoting *Treadway v. Brantley,* 437 So. 2d 93, 97 (Ala. 1983)(citations omitted). In this case, it is undisputed that the Harden vehicle was in a perilous position and that Wills had actual knowledge of the perilous position. (Doc. 38 at 9; Doc. 39 at 4.) The main issues in this case are whether Plaintiffs have established: that Wills failed to use reasonable care to avoid the accident; that the use of reasonable care would have avoided the accident; and that Plaintiffs were injured as a result.

Here, Plaintiffs have failed to provide substantial evidence that Wills was guilty of subsequent negligence. To begin, Plaintiffs have failed to produce any evidence that Wills failed to use reasonable care in avoiding the accident or that the exercise of reasonable care would have avoided the accident. While a driver has a duty to exercise reasonable care in the

operation of his vehicle, "it is clear that [this duty] is mitigated in an emergency situation. If a motorist, without any fault of his own, is confronted with a sudden emergency, he is not 'required to exercise the same presence of mind as would a prudent person under more deliberate circumstances.'" *Baker,* 527 So. 2d at 1245 (quoting *Jefferson County v. Sulzby*, 468 So. 2d 112, 116 (Ala.1985)).

Wills was traveling at approximately 40-45 miles per hour when he noticed the Harden vehicle. The evidence indicates that when Wills saw the Harden vehicle drifting towards his tractor-trailer—the emergency situation—he reacted by flashing his lights, taking his foot off the accelerator,[11] blowing the air horn, and maneuvering the tractor-trailer off the roadway. Based on the evidence, it appears that Wills reacted in a reasonable manner, and Plaintiffs do not offer any evidence to establish that

---

[11] Plaintiffs state that Wills did not apply his brakes; however, they do not argue that Wills's failure to apply the brakes was unreasonable. (Doc. 38 at 11.) Wills testified that he did not apply the brakes because he was trained not to apply the brakes for fear of jackknifing and not being able to control the vehicle. (Wills Dep. at 75.) While, according to his training, he could gently apply the brakes in a situation, he testified that there was no way that he could have done so in the time frame of the accident. *Id. See Sharp v. Evans,* 646 So. 2d 134, 135-36 (Ala. Civ. App. 1994) ("We do not consider that his failure to come to a complete stop presented substantial evidence that under the circumstances, he did not use reasonable or ordinary care to avoid the accident.").

Wills's actions were unreasonable given the circumstances or that Wills could have avoided the accident.[12]

Rather, Plaintiffs use a "simple mathematical calculation"[13] to suggest that Wills might have had "over 3.5 seconds to act," and that, in that time, he could have flashed his lights again, blown his horn more than once or for a longer burst, or taken some other specified action.  (Doc. 38 at 11-12.) Plaintiffs offer no substantive proof of how the suggested possible actions,

---

[12]Plaintiffs argue that the fact that Wills testified that both Harden and Brazeal were sitting upright with their heads slumped down creates a jury question since Brazeal testified that he had reclined the passenger chair upon leaving the casino.  It is a jury's responsibility to resolve conflicts in testimony and to determine the credibility of witnesses. *See Webb Wheel Prods., Inc. v. Hanvey*, 922 So. 2d 865, 887 (Ala. 2005)(citing *Wright v. Mills*, 590 So. 2d 177 (Ala. 1991); *Floyd v. Broughton*, 664 So. 2d 897 (Ala. 1995)).  While a jury typically resolves disputed fact questions, it is not material how Brazeal was seated when the accident occurred because this fact does not go to whether Wills acted reasonably, could have avoided the accident, or whether his actions proximately caused Plaintiffs' injuries.  *See Chapman v. AI Transp.* 229 F.3d 1012, 1023 (11th Cir. 2000)(citation omitted)("The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.").  Further, Brazeal has testified that he was indeed asleep at the time of the collision.  (Brazeal Dep. at 48-51.)  Therefore, the disputed fact of how Brazeal was seated will not defeat the motion for summary judgment.

[13]In addition to the fact that the "simple mathematical calculation" used by Plaintiffs is based on speculation, it appears that Plaintiffs have tried to create expert testimony by making conclusions based on these calculations; however, Plaintiffs have failed to retain a qualified expert, so this testimony would likely not be admissible at trial.

if taken by Wills, would have prevented the accident; instead, Plaintiffs'
counsel merely asserts open-ended questions as to what Wills could have
done. "Conclusory statements, speculation and hunches, however, are
insufficient to avoid summary judgment." *Urbanique Prod. v. City of
Montgomery,* 428 F. Supp. 2d 1193, 1224-25 (M.D. Ala. 2006)(citing *Raney
v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1198 (11th Cir.1997)("Summary
judgment cannot be avoided . . . based on hunches unsupported with
significant probative evidence."); *see also Daniels v. Twin Oaks Nursing
Home,* 692 F.2d 1321, 1324 (11th Cir. 1982)(stating that the proposition that
"an inference is not reasonable if it is 'only a guess or a possibility,' for such
an inference is not based on the evidence but is pure conjecture and
speculation" is undoubtedly sound); *Smith v. Gen. Motors Corp.*, 227 F.2d
210, 213 (5th Cir. 1955)[14](stating that if the inference "is only a guess or a
possibility, or is no more probable than one of several others," then a
verdict must be directed for defendant). In addition, "the opinions,
allegations, and conclusory statements of counsel do not substitute for

---

[14]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the
Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit
that were rendered prior to October 1, 1981.

evidence." *Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000)(citing *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir.1998); *Pelletier v. Zweifel*, 921 F.2d 1465, 1507 (11th Cir.1991)).

Plaintiffs have failed to introduce evidence that Wills reasonably could have swerved, stopped, or otherwise avoided the collision, or that had Wills done so, a collision would have been avoided. *See Plenkers v. Chappelle*, 420 So. 2d 41, 43-44 (Ala. 1982)(where plaintiff failed to introduce evidence that defendant could have taken an action to avoid the accident, the court held that plaintiff did not establish that defendant had a reasonable opportunity and necessary time to avert the accident); *Owen v. McDonald*, 285 So. 2d 79, 81 (Ala. 1973)(where plaintiffs did not introduce evidence that had McDonald attempted to swerve, gone straight, or reacted in any other way, he would have been able to avoid hitting the child, court held that the doctrine of subsequent negligence was not to be applied); *Sharp*, 646 So. 2d at 136 (where there was nothing in the evidence indicating that if Sharp's vehicle had stopped, the accident could have been avoided, court held that Sharp used reasonable and ordinary care to avoid the accident).

Rather, it appears from the evidence presented by Defendants that there was nothing Wills could have done to avoid the collision with the vehicle driven by Harden.  *See Shows*, 631 So. 2d at 1013 (court held that Shows produced no evidence that Nolin had an opportunity to avoid the accident through the exercise of reasonable care because the evidence showed that Nolin could not have done anything to avoid the accident with Shows, who swerved across the median and into Nolin's lane).  Knowledge of the plaintiffs' perilous position and "the subsequent negligent failure of a driver to use all the means at his command and known to skillful drivers to avert damage are requisite to a prima facie showing of subsequent negligence." *Plenkers*, 420 So. 2d at 43-44.  Since Plaintiffs failed to produce evidence that Wills had a reasonable opportunity and necessary time to avert the accident, Plaintiffs cannot establish that Wills failed to use reasonable care to avoid the accident or that the exercise of reasonable care would have avoided the accident.  Accordingly, summary judgment is due to be granted in favor of Defendants on Plaintiffs' claim of subsequent negligence.

C.    Negligent Entrustment.

Negligent entrustment is defined as:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Stanford v. Wal-Mart Stores, Inc.*, 600 So. 2d 234, 236-37 (Ala. 1992) (citations omitted).   The elements of a cause of action for negligent entrustment are: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he [or she] is incompetent; (4) proximate cause; and (5) damages."  *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005); *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 51 (Ala. 1995)(citing *Mason v. New*, 475 So. 2d 854, 856 (Ala.1985)).

The "doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action."  *Pryor*, 674 So. 2d at 51 (quoting *Mason,* 475 So. 2d at 856).   In a negligent entrustment case, "knowledge by the entrustor of the driver's incompetence is fundamental to the negligent entrustment claim; without proof of such knowledge, the

negligent entrustment claim must fail." *See Day v. Williams*, 670 So. 2d 914, 916 (Ala. 1995)(citations omitted). "[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford*, 921 So. 2d at 414. In order to determine the competence or incompetence of one to whom an automobile is entrusted, a court will consider "the presentation of evidence relevant to that person's mental and physical abilities and his or her prior driving experience and record." *Id.* at 417.

Here, Defendants have presented evidence tending to indicate that Swift had no knowledge of Wills being anything but a capable, competent driver. Wills has been a truck driver since June of 2000.[15] (Wills Dep. at 21.) Swift hired Wills after conducting an investigation of his employment application, which revealed that he was eligible for hire. (Ritchie Aff. at ¶ 2(b).) An MVR check indicated that Wills had no prior vehicle accidents when he was hired by Swift. *Id.* at ¶ 2(a). In addition, Wills testified that he had not had any moving violations. (Wills Dep. at 58.) At all times

---

[15]Prior to his employment with Swift, Wills worked for MS Carriers, which was taken over by Swift in 2002. (Wills Dep. at 22.)

during his employment, Wills held a valid Class A Commercial Driver's License.  (Ritchie Aff. at ¶ 2(c).)  Also, Wills underwent required medical exams and certifications as required by the DOT Rules and Regulations and the Federal Motion Carrier Safety Regulations, and was medically cleared to drive a commercial vehicle throughout his employment and at the time of the accident.   *Id.*  Based upon Wills's driver's file, Wills was at all times eligible to drive a commercial vehicle in accordance with Federal Motor Carrier Safety Regulations.   *Id.* at ¶ 2(d).  Further, Wills satisfactorily completed Swift's "Drivers Finishing Safety Course," "DOT Road Tests," and "Hazardous Materials Training," which resulted in certification by Swift.  *Id.*

Plaintiffs have failed to present any evidence establishing that Swift had any knowledge of Wills's alleged incompetency.[16]  *See Day*, 670 So. 2d at 916 (where the  record indicated that the entrustee was an experienced adult driver, who had previously received tickets for driving without a license and a speeding ticket but had exhibited no indication that he was an

---

[16]In their response brief to the motion for summary judgment, Plaintiffs appear to abandon the claim of negligent entrustment, stating that the essence of their claim is subsequent negligence. *Id.* at 9.

incompetent driver, and the entrustor was unaware that the entrustee did not possess a driver's license, the court held that the plaintiff presented no evidence indicating that entrustor had reason to believe the entrustee was an incompetent driver and that even if the entrustor had been aware of the fact that the entrustee did not have a license, it alone would not support a finding of negligent entrustment under the facts); *Ruhnow v. Lane Heard Trucking, LLC,* 2006 WL 3742212, at *3 (M.D. Ala. Dec. 18, 2006)(where Lane Heard presented evidence that it had hired Duke as a driver after he had been favorably recommended and that it had no knowledge of Duke being anything but a capable, competent driver, court granted summary judgment because plaintiff couldn't establish key element of negligent entrustment claim).   Thus, summary judgment is due to be granted as to Plaintiffs' negligent entrustment claim.

      D.    Negligent Hiring, Retention, Training, and Supervision.

The Alabama Supreme Court has recognized a cause of action for negligent hiring, retention, training, and supervision.   *CP & B Enters., Inc. v. Mellert,* 762 So. 2d 356, 362 (Ala. 2000); *Stevenson v. Precision Standard, Inc.,* 762 So. 2d 820, 824 (Ala. 1999);   *Big B., Inc. v. Cottingham,* 634 So. 2d

999 (Ala. 1993); *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1318 (M.D.

Ala. 2003).  Alabama law defines these claims as follows:

> In the master and servant relationship, the master is held
> responsible for his servant's incompetency when notice or
> knowledge, either actual or presumed, of such unfitness has
> been brought to him. Liability depends upon its being
> established by affirmative proof that such incompetency was
> actually known by the master or that, had he exercised due and
> proper diligence, he would have learned that which would
> charge him in the law with such knowledge. It is incumbent on
> the party charging negligence to show it by proper evidence.
> This may be done by showing specific acts of incompetency and
> bringing them home to the knowledge of the master, or by
> showing them to be of such nature, character, and frequency
> that the master, in the exercise of due care, must have them
> brought to his notice. While such specific acts of alleged
> incompetency cannot be show to prove that the servant was
> negligent in doing or omitting to do the act complained of, it is
> proper, when repeated acts of carelessness and incompetency
> of a certain character are shown on the part of the servant to
> leave it to the jury whether they would have come to his
> knowledge, had he exercised ordinary care.

*Lane v. Cent. Bank of Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala.1983)(internal

citations omitted).  A plaintiff must show "by affirmative proof that the

alleged incompetence of the employee was actually known to the employer

or was discoverable by the employer if it had exercised care and proper

diligence," in order to recover for a claim of negligent hiring, retention,

training, or supervision.  *Ledbetter v. United Am. Ins. Co.*, 624 So. 2d 1371, 1373 (Ala. 1993).

These causes of action are generally "predicated on the underlying tortious conduct of an employee;" therefore, a party alleging such cause of action must also prove the underlying wrongful conduct of the employee. *Stevenson*, 762 So. 2d at 824.  Here, since Plaintiffs have failed to establish that Wills was negligent or wanton in the operating of the tractor-trailer,[17] Plaintiffs' claims for negligent hiring, retention, training, or supervision must fail.  Therefore, Defendants' motion for summary judgment is due to be granted with regard to Plaintiffs' claims of negligent hiring, retention, training, or supervision.

E.     Negligent Maintenance or Repair.

In regard to whether an individual is negligent in failing to keep his vehicle safe, the Alabama Supreme Court has stated: "The operator of a motor vehicle on public highways has the duty to see that the automobile is in reasonably good condition so as not to present a source of danger to others.  To fulfill such a duty, the operator must exercise reasonable care

---

[17]*See supra* Section IV(A).

in inspection and operation." *Prosser v. Glass,* 481 So. 2d 365, 368 (Ala.1985)(citing *Al DeMent Chevrolet Co. v. Wilson*, 42 So. 2d 585 (Ala. 1949); *Employer's Cas. Co. v. Baxter Fertilizer Co.*, 338 So. 2d 418 (Ala. Civ. App.1976)).   However, "the owner does not owe the duty to employ the skill of an expert mechanic to make an examination to discover defects before delivering the automobile for repairs." *Prosser,* 481 So. 2d at 368.

Here, there is no evidence indicating that Wills or Swift was negligent in either maintaining or repairing the tractor-trailer.  It is undisputed that "there is no evidence of a mechanical defect with the Swift vehicle that contributed to cause the collision."  (Doc. 37 at ¶ 18; *see also* Wills Dep. at 65.)  Wills testified that there was nothing wrong with the truck that had anything to do with how the wreck happened, and that it was mechanically sound at the time of the collision.  (Wills Dep. at 65.)  Based on the fact that there is no evidence that Wills or Swift failed to exercise reasonable care in inspecting, maintaining, or operating the Swift vehicle,[18] Plaintiffs cannot establish a claim for negligent maintenance or repair.  *See Prosser*,

---

[18]In their response brief to the motion for summary judgment, Plaintiffs appear to abandon the claim of negligent maintenance or repair, stating that the essence of their claim is subsequent negligence. *Id.* at 9.

481 So. 2d at 368 (where there was no evidence that Glass was negligent in maintaining an unsafe vehicle or failed to exercise reasonable care in inspection and operation of his truck, court held that summary judgment was due to be granted).  Thus, summary judgment is due to be granted in favor of Defendants as to this cause of action.

V.    Conclusion.

For the reasons stated above, Defendants' Motion for Summary Judgment (Doc. 34 in 7:06-CV-01352; Doc. 11 in 7:07-CV-00907) is due to be granted in its entirety.  A separate order in conformity with this opinion will be entered.

Done this 23rd day of April 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**